# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| GEORGE F. TIBSHERANY, INC., | |
|     Plaintiff, | Case No. 2:05-cv-0613-LDG (GWF) |
| v. | **ORDER** |
| THE MIDBY COMPANIES, LLC., *et al.*, | |
|     Defendants. | |

The plaintiff, George F. Tibsherany, Inc., (Tibsherany) sues various defendants involved in the development and construction of the Siena Villas residential community, alleging a single cause of action for copyright infringement of Tibsherany's copyrighted architectural works for the Aviata residential community. Siena Villas and Eric S. Midby[1] move for partial summary judgment (#94), alleging that Tibsherany cannot establish damages pursuant to 17 U.S.C. §504. These defendants are joined by Oxbow Construction, Eric Miller, M.C. Multi-Family Development, LLC., M.C. Residential Holdings,

---

[1] The motion was also filed by The Midby Companies, LLC., and Master Management, LLC. The court, however, has already dismissed those defendants from this action.

1  LLC., and John H. Midby.  Tibsherany opposes the motion (#108), arguing that it is
2  untimely, and that he has offered sufficient evidence of damages.

3  <u>Motion for Summary Judgment</u>

4  In considering a motion for summary judgment, the court performs "the threshold
5  inquiry of determining whether there is the need for a trial—whether, in other words, there
6  are any genuine factual issues that properly can be resolved only by a finder of fact
7  because they may reasonably be resolved in favor of either party." *Anderson v. Liberty*
8  *Lobby, Inc.*, 477 U.S. 242, 250 (1986).  To succeed on a motion for summary judgment,
9  the moving party must show (1) the lack of a genuine issue of any material fact, and (2)
10 that the court may grant judgment as a matter of law.  Fed. R. Civ. Pro. 56(c);  *Celotex*
11 *Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

12 A material fact is one required to prove a basic element of a claim.  *Anderson,* 477
13 U.S. at 248.  The failure to show a fact essential to one element, however, "necessarily
14 renders all other facts immaterial."  *Celotex*, 477 U.S. at 323.

15 "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after
16 adequate time for discovery and upon motion, against a party who fails to make a showing
17 sufficient to establish the existence of an element essential to that party's case, and on
18 which that party will bear the burden of proof at trial." *Id*.  "Of course, a party seeking
19 summary judgment always bears the initial responsibility of informing the district court of
20 the basis for its motion, and identifying those portions of 'the pleadings, depositions,
21 answers to interrogatories, and admissions on file, together with the affidavits, if any,' which
22 it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S.
23 at 323.  As such, when the non-moving party bears the initial burden of proving, at trial, the
24 claim or defense that the motion for summary judgment places in issue, the moving party
25 can meet its initial burden on summary judgment "by 'showing'–that is, pointing out to the
26 district court–that there is an absence of evidence to support the nonmoving party's case."

1  *Celotex*, 477 U.S. at 325.  Conversely, when the burden of proof at trial rests on the party
2  moving for summary judgment, then in moving for summary judgment the party must
3  establish each element of its case.
4        Once the moving party meets its initial burden on summary judgment, the non-
5  moving party must submit facts showing a genuine issue of material fact.  Fed. R. Civ. Pro.
6  56(e).  As summary judgment allows a court "to isolate and dispose of factually
7  unsupported claims or defenses," *Celotex*, 477 U.S. at 323-24, the court construes the
8  evidence before it "in the light most favorable to the opposing party."  *Adickes v. S. H.*
9  *Kress & Co.*, 398 U.S. 144, 157 (1970).  The allegations or denials of a pleading, however,
10 will not defeat a well-founded motion.  Fed. R. Civ. Pro. 56(e); *Matsushita Elec. Indus. Co.*
11 *v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).
12       Prior to January 1996, Inland Empire Builders (Inland)[2] began development of an
13 apartment community to be located at 2121 East Warm Springs Road, Las Vegas,
14 Nevada, that would eventually be known as Aviata Rental Community (Aviata).  Originally,
15 Miller was the project's architect of record, and prepared an initial site plan for the
16 development.  Inland had retained Miller to provide architectural designs for Inland
17 development projects in Nevada, California, Arizona and New Mexico.
18       In January 1996, Inland retained Tibsherany to prepare architectural plans for the
19 project.  Miller continued to perform work for other Inland developments.  Tibsherany
20 prepared plans for the first phase of Aviata, including a site plan, elevations, and the layout
21 of interior living units.  The parties dispute whether Miller or Inland provided Tibsherany
22 with access to the designs of prior Inland projects, including designs created by Miller.
23 Inland subsequently retained Miller to prepare architectural plans for the second phase of
24 Aviata.

---

[2] Inland is not a party to this action.

In 1998, Miller prepared architectural plans for the Siena Villas apartment community. Miller argues that, in doing so, he relied upon designs from prior projects he had completed which pre-date Aviata. He further argues that certain elements of the Aviata designs are substantially similar to his prior works. Indeed, he suggests that design elements of Aviata are more similar to his prior works than to Siena Villas.

In 2003 and 2004, Tibsherany registered his architectural plans for Aviata as architectural works.

Plainly, issues of fact remain whether Miller's Siena Villa plans copied certain design elements from his own plans that pre-dated Tibsherany's plans for Aviata, or whether Tibsherany copied design elements from Miller's pre-existing plans, or whether Miller copied design elements from Tibsherany's Aviata plans. For purposes of this motion, the court assumes that the Siena Villas apartment community embodies at least some original design elements of Tibsherany's Aviata plans that were copyrighted as an architectural work. The court must recognize, however, that it has previously determined that Tibsherany cannot maintain his copyright claim as to at least some design elements. At issue is the extent to which Tibsherany must offer evidence of damages to survive summary judgment. Relevant to this issue is §504(b) of the Copyright Act:

> The copyright owner is entitled to recover actual damages suffered by him or her as a result of the infringement, and any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages. In establishing the infringer's profits, the copyright owner is required to present proof only of the infringer's gross revenue, and the infringer is required to prove his or her deductible expenses and the elements of profit attributable to factors other than the copyright work.

17 U.S.C. §504(b).

Regarding profits as a measure of damages, as the court must assume that the Siena Villas apartment complex embodies some original design elements copyrighted by Tibsherany, its burden is merely to establish the defendants' gross revenue. To be certain, Tibsherany's damages are limited to the infringer's gross revenue from the infringing work,

4

not every source of gross revenue enjoyed by the defendants. Contrary to the arguments of the defendants, however, the infringing work is not merely the infringing design elements, but the entirety of the work in which the design element is embodied. The analogy first stated in *On Davis v. The Gap, Inc.,* 246 F.3d 152, 160 (2nd Cir. 2001), and cited by other courts, is most instructive.

> [I]f a publisher published an anthology of poetry which contained a poem covered by the plaintiff's copyright, we do not think the plaintiff's statutory burden would be discharged by submitting the publisher's gross revenue resulting from its publication of hundreds of titles, including trade books, textbooks, cookbooks, etc. In our view, the owner's burden would require evidence of the revenues realized from the sale of the anthology containing the infringing poem. The publisher would then bear the burden of proving its costs attributable to the anthology and the extent to which its profits from the sale of the anthology were attributable to factors other that the infringing poem, including particularly the other poems contained in the volume.

The entirety of the infringing work is the Siena Villas apartment complex. When the development was sold, it was sold in its entirety. The selling defendants did not sell, or offer for sale, only the interior layouts, or only the amenities buildings, or only the exterior elevation. Tibsherany met his burden of establishing gross revenues by offering evidence of the value of the Siena Villas apartment complex. As such, the burden shifts to the defendants to limit Tibsherany's damages for the defendant's profits to only those profits attributable to those specific design elements for which Tibsherany establishes both a valid copyright, and that the design element is embodied in the Siena Villas complex.

A different question is presented whether Tibsherany has met its burden of offering evidence of actual damages. Tibsherany's only evidence of actual damages is the price paid to Miller for the entire set of Siena Villa plans, less expenses that Tibsherany would have incurred to adapt the Aviata plans to the Siena Villas site and to copy the plans for Siena Villas. Such evidence is adequate if Tibsherany is able to establish that the extent to which the Siena Villas apartment complex embodies the Aviata architectural plans is such that a trier of fact concludes that Tibsherany was denied the opportunity to prepare a full

set of plans for Siena Villas. The evidence fails, however, if the extent of the copyright infringement at Siena Villas is limited in such a manner that a willing buyer would not have purchased a full set of plans from Tibsherany. For example, if Tibsherany is only able to establish that his copyright was infringed by the three common area buildings, his actual damages must be limited to what a willing buyer would have paid for plans for those buildings. A willing buyer purchasing plans for just three buildings would not pay the full and fair market value of a set of plans prepared for an entire apartment complex.

Of particular concern is that the court has previously determined that Tibsherany cannot maintain its claim for copyright infringement for the Plan B two-bedroom interior layout. In the context of measuring actual damages by what a willing buyer would pay, it is as if the willing buyer already owned the Plan B layout and intended to hire an architect that would use that plan in preparing the Siena Villas plans. Tibsherany's evidence of damages assumes that the willing buyer of Siena Villa architectural plans did not have the Plan B layout, and required the architect to prepare, rather than copy, that plan. Despite this assumption, Tibsherany's evidence remains an appropriate measure of actual damages if a willing buyer that owned and required the architect to use the Plan B layout would pay the architect the same amount of money that he would pay to an architect to prepare all plans (including the Plan B layout). If, however, a willing buyer that already owned the Plan B layout would pay less, then Tibsherany's evidence of damages overstates his actual damages. In that latter circumstance, the absence of appropriate evidence of actual damages would impermissibly require a trier of fact to speculate as to the amount of actual damages.

At this point, the court cannot conclude, as a matter of law, that the price paid by a willing buyer to an architect for preparation of a full set of plans for an apartment complex would pay less if the buyer already owned the Plan B layout. Nevertheless, the court would note that, since Tibsherany has not offered any evidence of actual damages *other* than the

price paid to Miller for a full set of plans, less expenses for copying and site adaption, it will be limited to arguing that that amount is the appropriate measure of actual damages regardless of the extent of the copyright infringement ultimately found by the trier of fact. Further, if Tibsherany fails to prove any copyright infringement beyond the copying of design elements embodied in the three common area buildings, the court will find its evidence of actual damages to be insufficient as a matter of law. Accordingly,

THE COURT **ORDERS** that the Defendants' Motion for Partial Summary Judgment (#94) regarding damages is DENIED.

DATED this ___28___ day of September, 2007.

_____
Lloyd D. George
United States District Judge